UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MOHAMEDHEN BIGUE,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-1057

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.19.) In an order entered on April 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response on April 7, 2026, (ECF No. 6), and Petitioner filed his reply on April 9, 2026, (ECF No. 7).

## II.    Factual Background

Petitioner is a native and citizen of Mauritania. (Pet, ECF No. 1, PageID.8; Notice to Appear (NTA), ECF No. 4-1, PageID.62.) Petitioner entered the United States on or about April 26, 2023, at or near Lukeville, Arizona, without inspection. (NTA, ECF No. 4-1, PageID.62.) On April 28, 2023, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (NTA, ECF No. 4-1, PageID.62.). Petitioner was released from custody on an order of recognizance. (Order of Release on Recognizance, ECF No. 4-2, PageID.66.).

On October 22, 2025, ICE agents encountered and arrested Petitioner. (Pet., ECF No. 1, PageID.1.)

*Bigue v. Raycraft* (*Bigue I*), No. 1:26-cv-241, 2026 WL 416760, at *2 (W.D. Mich. Feb. 13, 2026).

On January 22, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Bigue I*. In *Bigue I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Bigue I*, (W.D. Mich. Feb. 13, 2026), (ECF Nos. 8, 9).

On February 20, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 1-2, PageID.25.) At the conclusion of that hearing, the immigration judge denied Petitioner's request for bond, stating:

The burden of proof lies with the Respondent to establish eligibility for bond and individuals must demonstrate they do not pose a danger or flight risk.

Respondent unlawfully entered the United States and has remained without authorization. While Respondent has filed an application for asylum and relief is speculative. Respondent's likelihood of being granted asylum or protection is a factor to be considered by this Court. The Respondent's application does not demonstrate a sufficient likelihood of success. Respondent's claims are based upon discrimination and shunning. While such actions are unpleasant, they do not rise to the level of persecution or torture. Further, Respondent has been in the United

2

States for a short period of time and has limited contacts in the United States. Respondent asserts he has one brother in the United States who does not have legal status. Respondent has failed to submit documentary evidence of ties to family members or significant community ties in the United States. Respondent has failed to provide documentary evidence of stable employment or a stable address, and Respondent has had at least five addresses since entering the United States in 2023.

Respondent has not met his burden; therefore, the Court finds that Respondent is a flight risk and therefore denies his request for bond reconsideration.

(*Id.*)

## III.    Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D.

3

Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at \*9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

**<u>Conclusion</u>**

The Court will order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will dismiss the United States Department of Homeland Security,

the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

Dated:     April 15, 2026              /s/ Jane M. Beckering

Jane M. Beckering
United States District Judge